**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

DOUGLAS R. WHITE,
          Appellant,

      v.

DEPARTMENT OF
   TRANSPORTATION,
          Agency.

DOCKET NUMBER
DA-1221-21-0101-W-1

DATE: April 26, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Jacque L. Pearsall</u>, Oklahoma City, Oklahoma, for the appellant.

<u>Dolores Francis</u>, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to find that the Board lacks jurisdiction because the appellant failed to satisfy the exhaustion requirement, we AFFIRM the initial decision.

## BACKGROUND

At all times relevant, the appellant was a GS-15 Director of the Inspector Training and Qualifications Division (TQ) within the agency's Pipeline and Hazardous Materials Safety Administration. Initial Appeal File (IAF), Tab 1 at 1, 16. The agency conducted climate surveys which uncovered allegations of unprofessional conduct by the appellant. IAF, Tab 8 at 11-50. Accordingly, the appellant's supervisor involuntarily detailed him from TQ effective July 1, 2020, and directed him to report to the Director of Field Operations, Office of Pipeline Safety. IAF, Tab 1 at 40.

On July 13, 2020, the appellant filed a complaint with the Office of Special Counsel (OSC), alleging that his supervisor had given unauthorized preference to two subordinates and had engaged in improper personnel actions in violation of the merit systems principles. IAF, Tab 1 at 22, Tab 6 at 34-44. On July 29, 2020, OSC issued a preliminary determination stating, in part, that it was unable to conclude that a prohibited personnel practice had taken place. IAF, Tab 1 at 22. The appellant's attorney responded to the preliminary determination; however, on October 14, 2020, OSC issued a close-out letter reiterating that it could not

conclude that a prohibited personnel practice had taken place. *Id*. at 24-34, 38-39. The appellant responded to the close-out letter requesting that OSC reopen the matter, which it denied. *Id*. at 36-38.

Subsequently, the appellant filed an IRA appeal, alleging that the agency retaliated against him for engaging in protected disclosures in violation of 5 U.S.C. § 2302(b)(8). *Id*. at 16-21. The administrative judge issued a jurisdiction order, notifying the appellant of the applicable legal standards and ordering him to produce evidence and/or argument establishing that the Board had jurisdiction over his IRA appeal. IAF, Tab 3. The appellant responded to the order, and the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction, finding that, although the appellant had exhausted his administrative remedies with OSC, he failed to nonfrivolously allege that he made a protected disclosure or engaged in a protected activity. IAF, Tab 6, Tab 11, Initial Decision (ID), at 13, 21.

The appellant has filed a petition for review, arguing that the administrative judge made factual errors and erred in finding that he failed to meet the nonfrivolous standard. Petition for Review (PFR) File, Tab 1. The agency responded in opposition to the appellant's petition for review. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

In an IRA appeal, the Board may consider only matters that the appellant first raised before OSC. *Mason v. Department of Homeland Security*, 116 M.S.P.R. 135, ¶ 8 (2011). An appellant may demonstrate exhaustion through his initial OSC complaint, evidence that he amended the original complaint, including but not limited to OSC's preliminary determination letter and other letters from OSC referencing any amended allegations, and the appellant's written responses to OSC referencing the amended allegations. *Id*. To establish Board jurisdiction, the appellant must prove exhaustion with OSC by preponderant

evidence, not just present nonfrivolous allegations of exhaustion. 5 C.F.R. § 1201.57(c)(1).

The purpose of the requirement that an appellant exhaust his remedies with OSC prior to filing an IRA appeal with the Board is to give OSC "the opportunity to take corrective action before involving the Board in the case." *Ward v. Merit Systems Protection Board*, 981 F.2d 521, 526 (Fed. Cir. 1992). The Whistleblower Protection Enhancement Act provides that, if OSC finds that there is a substantial likelihood that the information received discloses a violation of the Act, it "shall transmit the information to the head of the agency involved for investigation and report." *Id.* (making this finding based on the same language in the prior Whistleblower Protection Act); *see* 5 U.S.C. § 1213(b), (c). These inquiries by OSC and their transmittal to agencies for remedial action are a major component of OSC's work. *Ward*, 981 F.2d at 526. Thus, the substantive requirements of exhaustion are met when an appellant has provided OSC with sufficient basis to pursue an investigation that might lead to corrective action. *Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶ 10.

We are unable to discern any evidence that the appellant raised to OSC the protected disclosures that he set forth in his response to the administrative judge's jurisdiction order.[2] *Compare* IAF, Tab 1 at 34-44, *with* IAF, Tab 6 at 7-29. In his response to the jurisdiction order, the appellant claimed that the agency retaliated against him because he engaged in protected disclosures, summarized as follows: (1) he ended the agency's practice of relying on industry instructors, which created a conflict of interest and resulted in substandard training, and instead required TQ instructors already employed by the agency to teach the materials; (2) he reduced employees' attendance at seminars because the practice was not effective and the travel costs were significant; (3) he demanded that TQ instructors create course content to facilitate mastery of safety objectives instead

---

[2] Because the appellant only alleges that he made protected disclosures under 5 U.S.C. § 2302(b)(8), we limit our analysis to whether allegations of protected disclosures were raised with OSC. IAF, Tab 1 at 16-21, Tab 6 at 7-29.

of teaching "off-the-shelf" materials; and (4) he refused to allow a subordinate to use a shortcut on a test and teach others how to use the same shortcut. IAF, Tab 6 at 7-29. The appellant asserted that each of these disclosures was included in his February 2016 strategic plan and/or included in status reports which were made periodically to upper management. *Id*. at 9-10, 14-15, 19-20, 25.

However, the appellant never raised these allegations to OSC. In fact, in his original OSC complaint, he did not even allege retaliation for whistleblowing. In the complaint form, i.e., OSC Form-14, he selected the following prohibited personnel practices: unauthorized preference and improper actions in violation of merit system principles. *Id*. at 34-35. Although the appellant could have selected retaliation for whistleblowing as a basis for his complaint, he did not. *Id*. at 34. Additionally, in describing the alleged prohibited personnel practices, he claimed that his supervisor gave unauthorized preference to two subordinates and encouraged them to "spy on" him and fabricate false allegations, and then involuntarily detailed him. *Id*. at 41. He did not claim that he made a protected disclosure or that he was subjected to a personnel action in reprisal for the protected disclosure, and there is no reference to the disclosures set forth in his jurisdictional response. *Compare id*., *with* IAF, Tab 6 at 7-29.

Although the appellant had several communications with OSC regarding his complaint, none identified a protected disclosure he is alleged to have made. IAF, Tab 1 at 24-34, 36-38. For instance, in his response to OSC's preliminary determination letter, he did not identify any protected disclosures; instead, he accused the agency of sabotage, character assassination, and of dismantling the program he created. *Id*. at 24-34. There is no reference to switching from industry instructors to TQ instructors, reducing attendance at seminars, requiring TQ instructors to teach specific content, or reprimanding an employee for using shortcuts, i.e., the protected disclosures set forth in his jurisdictional response. *Compare id*., *with* IAF, Tab 6 at 7-29. Similarly, in his response to OSC's close-out letter, he again failed to mention any of the disclosures set forth in

his jurisdictional response, instead questioning OSC's investigation and disputing OSC's characterization of his behavior. *Compare* IAF, Tab 1 at 36-38 *with* IAF, Tab 6 at 7-29. Even in his sworn statement provided to OSC, there are no references to the protected disclosures set forth in his jurisdictional response. *Compare* IAF, Tab 6 at 7-29, *with* IAF, Tab 6 at 49-54.

Therefore, we conclude that the protected disclosures set forth in the appellant's jurisdictional response were not raised in front of OSC. This is supported by the fact that OSC did not reference any claims of protected disclosures in its correspondence with the appellant regarding his complaint. IAF, Tab 1 at 22, 38-39. Indeed, OSC did not even characterize his complaint as a whistleblower retaliation complaint nor did it provide him with notice that he had the right to file an IRA appeal because he had alleged a violation of 5 U.S.C. § 2302(b)(8) or (b)(9).[3] *Id*. The appellant, who was properly advised by the administrative judge as to the exhaustion requirement, has not provided evidence or argument that establishes he raised his claims of protected disclosures with OSC. IAF, Tab 3 at 2. Accordingly, we conclude that the appellant has failed to exhaust his remedies with OSC, and thus the appeal must be dismissed.

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and

---

[3] While the Board is not required to adopt OSC's exact characterization of the appellant's claims, he has not claimed that OSC mischaracterized his allegations.

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation

for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of <u>the date of issuance</u> of this decision.    5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:        *Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.